WILLIAM TAMAYO, REGIONAL ATTORNEY
JONATHAN T. PECK, SUPERVISORY TRIAL ATTORNEY
SANYA HILL MAXION, TRIAL ATTORNEY
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
SAN FRANCISCO DISTRICT OFFICE
350 THE EMBARCADERO, SUITE 500
SAN FRANCISCO, CA 94105-1260

ATTORNEYS FOR PLAINTIFF

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>VIRGINIA MASON MEDICAL CENTER.,<br><br>Defendant. | CIVIL ACTION NO. CV8-875-RAJ<br><br>CONSENT DECREE |

## I. INTRODUCTION

1.  This action originated with a discrimination charge filed by CaTina White ("Ms. White") with the U.S. Equal Employment Opportunity Commission ("EEOC") on January 11, 2006. Ms. White alleged that Virginia Mason Medical Center ("Virginia Mason") discriminated against her in violation of Title 1 of the Americans with Disabilities Act ("ADA").

2.  The EEOC filed this lawsuit on June 3, 2008 in the United States District Court for the Western District of Washington on behalf of Ms. White, alleging that Virginia Mason discriminated against Ms. White, a qualified individual with a disability, when it failed to

provide a reasonable accommodation to her and then terminated her because of her disability, in violations of Section 102(a) of the ADA.

3. Virginia Mason denies the allegations of discrimination in the EEOC's complaint.

4. By entering into this Consent Decree, the EEOC and Virginia Mason want to conclude fully and finally all claims that were asserted, or that could have been asserted by the EEOC against Virginia Mason arising from the charge of discrimination filed by Ms. White, and to further the objectives of equal employment as set forth in Title 1 of the ADA, rather than to devote further resources toward pursuing this litigation.

## II. NONADMISSION OF LIABILITY AND NONDETERMINATION BY THE COURT

5. This Consent Decree is not an adjudication or finding on the merits of this case and shall not be construed as an admission by Virginia Mason Medical Center of a violation of the ADA or any other federal or state laws. Indeed, Virginia Mason expressly denies that it engaged in any unlawful employment practices, that it discriminated against Ms. White on the basis of her alleged disability or that Virginia Mason terminated Ms. White because of her alleged disability. Rather, Virginia Mason enters this Consent Decree to avoid further litigation of this dispute and, instead, to devote its attention and energies toward the common goal of equal employment opportunity.

## III. JURISDICTION AND VENUE

6. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §

2000(e)-5(f)(1) and (3) ("Title VII"), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a. The employment practice claimed to be unlawful in the EEOC's complaint filed herein allegedly occurred within the jurisdiction of the United States District Court for the Western District of Washington at Seattle.

## IV. SETTLEMENT

7.   This Consent Decree is the final and complete resolution of all allegations of unlawful employment practices that were asserted in the complaint, or that could have been asserted, by the EEOC against Virginia Mason arising from the charge filed by Ms. White, and is binding and final as to all such issues and claims.

## V. RELIEF

8.   In settlement of this lawsuit, Virginia Mason agrees to pay Ms. White $195,000 in monetary damages, thereby resolving all claims for damages, fees, and costs sought through the EEOC's complaint or that could have been sought by the EEOC on behalf of Ms. White, within ten (10) business days after entry by the Court of this Consent Decree. Payment shall be issued in a check drafted in Ms. White's attorney's name, in trust for Ms. White and mailed directly to Ms. White's attorney at 2000 112th Ave. NE, Bellevue, Washington 98004. Defendant will mail a copy of the check to: Sanya Hill Maxion, Senior Trial Attorney, EEOC, 350 The Embarcadero, Suite 500, San Francisco, CA 94015. This Consent Decree is the final and complete resolution of all allegations of unlawful employment or termination practices contained in Ms. White's discrimination charge, in the EEOC administrative determination, and the complaint filed herein, including all claims by the parties for attorney fees and costs.

## VI. NON-MONETARY RELIEF

### A. General Provisions

9. Virginia Mason its officers, agents, managers (including supervisory employees), successors and assigns, and all those in active concert or participation with it, is enjoined from discriminating on the basis of disability. Virginia Mason shall maintain anti-discrimination policies, procedures, and training for employees, supervisors, and management personnel and provide equal employment opportunities for all employees. Virginia Mason shall work with its managers and supervisors in order to prevent discrimination in employment under the ADA, and ensure that its managers and supervisors understand its equal employment opportunity policies, and how those policies define and identify what constitutes discrimination.

### B. Anti-Discrimination Polices and Procedures

10. Within sixty (60) days of the effective date of this Consent Decree, Virginia Mason shall: (a) review its ADA anti-discrimination policy and, to the extent necessary to comply with this section, shall ensure that it adequately addresses Virginia Mason's obligation to provide reasonable accommodations under the ADA, including but not limited to, allowing a period of up to six months for the medical center and the employee to engage in the interactive process in an effort to reassign the employee to a vacant position for which the disabled employee is qualified and that would accommodate the employee, and that the persons who work with such disabled employees receive training on the ADA's requirements, and (b) distribute its ADA EEO policy to all present and future employees, both management and non-management.

C. Retaliation

11. Defendant is enjoined from retaliating against any individual who filed a charge, participated in any investigation, or assisted in any proceeding associated with the EEOC charge filed by Ms. White or the subsequent complaint filed by the EEOC.

D. Training

12. Within six (6) months of the entry of this Consent Decree, and annually thereafter, for the duration of the Consent Decree, Virginia Mason agrees to provide general training to all supervisory personnel on the circumstances under which there may be an obligation to engage in the reasonable accommodation process under the ADA, the persons to contact to assist with the process, and the importance of non-discrimination and non-retaliation on the basis of disability or requests for reasonable accommodation. Within six (6) months, and annually thereafter for the duration of this Consent Decree, Virginia Mason shall also provide two (2) hours of mandatory training to persons charged with the processing of requests for reasonable accommodation, training on how to conduct individualized assessments of employees with disabilities, the legal responsibilites of employers under the ADA toward both applicants and employees, and mechanics of the interactive process, particularly in working with the disabled employee in which transfer to a vacant position is required because of the employee's disability. Virginia Mason will retain a record of the training program, including the date held and a list of persons in attendance.

E. Employment References and Expungement of Records

13. Virginia Mason shall not disclose any information or make reference to Ms. White's charge of discrimination that is the subject of this lawsuit, or this lawsuit, in responding to requests for information about Ms. White from prospective employers.

14. Virginia Mason shall purge from all files related to Ms. White's termination any references to her complaints of discrimination against Virginia Mason and this lawsuit. Virginia Mason agrees that all employment records related to Ms. White's separation from employment shall state that Ms. White voluntarily resigned.

15. Defendant shall not disclose any information or make reference to any charge of discrimination or this lawsuit in responding to employment reference requests for information about Ms. White. Defendant will provide only neutral references in response to inquiries from prospective employers of Ms. White. In response to a specific inquiry, Defendant may disclose Ms. White's dates of employment, position held and that Ms. White voluntarily resigned, as requested. However, in order for this provision to apply, Ms. White must direct all persons seeking references to the H.R. Connect general phone number, (206) 223-6757.

16. Virginia Mason agrees to provide a letter of recommendation to Ms. White on Virginia Mason's letterhead within ten (10) business days of the effective date of this Consent Decree. Virginia Mason will send the letter to Ms. White's attorney, Lori Hansen, with a copy to EEOC counsel, Sanya Hill Maxion, at the addresses specified in paragraph 8 in this Consent Decree.

F. Policies Designed to Promote Supervisor Accountability

17. Virginia Mason shall advise all managers and supervisors of their duty to ensure compliance with its ADA non-discrimination policies, and to report any incident or complaint of alleged ADA discrimination of which they become aware. Virginia Mason shall also inform all managers and supervisors that there will be no retaliation against an employee who reports or raises issues of discrimination under the ADA, or who participates or cooperates in any ADA investigation, administrative agency proceeding, or lawsuit.

G. Reporting

18. Six (6) months following the entry of this Consent Decree, and annually thereafter, for the duration of the Consent Decree, Virginia Mason shall report the following information to the EEOC's San Francisco District Office, Attn: Sanya Hill Maxion.

a. Certification of the completion of training, set forth in Paragraph 12 above, including the date, a list of participants, their job titles and a copy of any training materials.

b. Certification that its EEO policy has been sent to all current and newly hired employees as described in Paragraph 10 above.

c. A summary report disclosing the employee identification number, date and nature of any formal or informal internal complaints made through its Complaint Resolution Process, Privacy Hotline, Corporate Integrity Hotline or to a member of Virginia Mason's Human Resources Department concerning disability discrimination and the responses thereto. Virginia Mason will provide, upon request, the individual's name associated with the employee identification number. Other than the filing of this information report, or as otherwise described in this Consent Decree, or as may otherwise be required by law, Virginia Mason shall be under no additional reporting obligations with respect to such complaints, unless otherwise required by law; and

d. A statement certifying that Virginia Mason has complied with the terms of the Consent Decree. If Virginia Mason has not complied with any term of the Consent Decree, the statement shall specify the areas of non-compliance, the reason for the noncompliance, and the steps taken to bring it into compliance.

H. Posting

19. Virginia Mason shall post a Notice, attached as Exhibit 1 to this Consent Decree. The Notice shall be posted on a centrally located bulletin board at Virginia Mason's Seattle WA location for the duration of the Consent Decree.

## VII. ENFORCEMENT

20. If the EEOC determines that Virginia Mason has breached this agreement, the EEOC shall provide written notification of the alleged breach to Virginia Mason. The EEOC shall not petition the Court for enforcement of the Consent Decree for at least thirty (30) days after providing written notification of the alleged breach. The 30-day period following the written notice shall be used by the parties for good faith efforts to resolve the dispute, or for Virginia Mason to cure the breach. In those cases where it would take longer than thirty (30) days to cure the breach, Virginia Mason may have such additional time as may be necessary by agreement with the EEOC so long as Virginia Mason takes all reasonable efforts to cure the breach within the thirty (30) day period.

## VIII. RETENTION OF JURISDICTION

21. The United States District Court for the Western District of Washington at Seattle shall retain jurisdiction over this matter for the duration of the Consent Decree.

## IX. DURATION AND TERMINATION

22. This Consent Decree shall be in effect for two (2) years from the date the Court enters the Consent Decree. If the EEOC petitions the Court for breach of the Consent Decree, and the Court finds Virginia Mason to be in violation of the terms of the Consent Decree, the Court may extend the duration of the Consent Decree for a reasonable period of time.

## X. CONCLUSION

23. The parties are not bound by any provision of this Consent Decree until it is signed by authorized representatives of each party and is entered by the Court.

DATED this **23** day of July, 2008.

| | |
|---|---|
| WILLIAM R. TAMAYO<br>REGIONAL ATTORNEY | RONALD S. COOPER<br>General Counsel |
| JONATHAN T. PECK<br>SUPERVISORY TRIAL ATTORNEY | JAMES L. LEE<br>Deputy General Counsel |
| SANYA HILL MAXION<br>SENIOR TRIAL ATTORNEY | GWENDOLYN Y. REAMS<br>Associate General Counsel |

BY: _[signature]_
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
San Francisco District Office
350 The Embarcadero, Suite 500
San Francisco, CA 94015
Telephone (415) 625-5650
Facsimile (415) 625-5657

Office of the General Counsel
1801 "L" Street NW
Washington, D.C. 20507

Attorneys for Plaintiff EEOC

BY _[signature]_
LAWTON H. HUMPHREY
DAVIS, WRIGHT & TREMAINE
1201 Third Avenue, Suite 2200
Seattle, WA 98101-1688
Telephone: (206) 757-8064
Facsimile: (206) 757-7064

Attorneys for Defendant Virginia Mason Medical Center.

**Consent Decree** - Page 9 of 11

# VIRGINIA MASON MEDICAL CENTER

# NOTICE TO ALL VIRGINIA MASON EMPLOYEES

This notice has been posted pursuant to an Order of the Court entered on _____, approving the Consent Decree entered in resolution of a lawsuit brought by the U.S. Equal Employment Opportunity Commission (EEOC) against Virginia Mason Medical Center, in the United States District Court for the Western District of Washington, case no. CV8-875-RAJ.  The lawsuit alleged that Virginia Mason violated the ADA when it failed to reassign an employee as a reasonable accommodation and terminated her employment.  As a remedy, Virginia Mason has agreed to provide monetary relief, and ensure that its policies further the objectives of equal employment as set forth in Title I of the ADA.  The Consent Decree is not an adjudication or finding on the merits of the case; and indeed, Virginia Mason has denied the allegations of the claim.  Nonetheless, the Consent Decree resolves the EEOC's claims of disability discrimination brought against the Company.

Federal law and Virginia Mason's EEO policies prohibits an employer from discriminating against any individual based on the individual's disability with respect to hiring, promotion, demotion, terms and conditions of employment, and/or termination.  Federal law and Virginia Mason's EEO policies also prohibit an employer from allowing any employee to be harassed based on his or her disability.  It is also unlawful for an employer to retaliate against any individual because he or she complains of discrimination or harassment, cooperates with the investigation of a discrimination or harassment charge by Virginia Mason, or a government agency, participates as a witness or potential witness in any

investigation or legal proceeding, or otherwise exercises his or her rights under the law. Virginia Mason's managers and supervisors shall receive training on these EEO laws and policies.

Any employee who is found to have retaliated against any other employee because such employee participated in an investigation or any other proceeding regarding allegations of discrimination or harassment will be subject to discipline, up to and including immediate discharge.

Should you have any complaints of discrimination or retaliation, you should contact your supervisor or any upper level management individual.

Employees have the right to bring complaints of discrimination, harassment and/or retaliation to the U.S. Equal Employment Opportunity Commission, Seattle Field Office at 909 1st Avenue, Suite 400, Seattle, WA 98104-1061, 206/220-6885, 1-800-699-4000, and/or the Washington State Human Rights Commission at 711 South Capitol Way, Suite 402, Olympia, WA 98504, 800/233-3247. Employees or applicants may also contact Virginia Mason's Director of Staff and Labor Relations, Steve Stahl, to report harassment, discrimination or retaliation. Additionally, if you have any questions about this Consent Decree or Notice, contact Sanya Hill Maxion, Trial Attorney, U.S. Equal Employment Opportunity Commission, (415) 625-5650 or by email sanya.hill@eeoc.gov.